297 P.2d 932

William A. ANGLIN, Appellant,

v.

Earl NICHOLS, Appellee.

No. 6059.

Supreme Court of Arizona.

May 29, 1956.

McKesson & Renaud, J. Gordon Cook, Phoenix, for appellant.

Moore & Romley, Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from an order denying plaintiff's motion for judgment n. o. v.; from an order denying his motion for a new trial, and from final judgment in favor of defendant on plaintiff's complaint. The cause of action arose out of an automobile accident. Defendant answered denying the material allegations of plaintiff's complaint and filed a counterclaim against the plaintiff and secured an order bringing in Lee Furman, driver of plaintiff's car, as a cross-defendant. The counterclaim was duly answered and its allegations denied. The cause was tried to the court without a jury.

The facts are that plaintiff's car driven by Furman proceeding north on the Higley Road, and in which plaintiff was riding, collided with a pickup truck belonging to defendant which at the time was being driven east on Elliott Road by his 12-year-old son unaccompained by the defendant. The collision occurred at the intersection of the two roads, east of the paved portion of Higley Road. Each of said roads was paved with blacktop which was 18 feet in width. There was a stop sign on Elliott Road variously estimated as being from 20 to 50 feet west of the intersection.

Considering the evidence in a light most favorable to sustaining the judgment of the trial court which we must do under the cir-

cumstances, the plaintiff's car was traveling according to the testimony of Furman at 40 to 45 miles an hour. However, according to the physical facts plaintiff's car laid down skid marks of 167 feet leading to the point of impact. And according to figures given by the witness Glen Smoot, a safety engineer, which he said were based upon over a thousand experiments personally made by him involving all makes of cars, and upon courses taken at Yale University, Yale Bureau of State Traffic Research and at Northwestern Traffic Institute, a car driven at 55 miles an hour will lay down skid marks of 162 feet on pavement, and that about seven feet should be added where the car is on a graveled highway.

Plaintiff's car was entirely on the pavement part of the time and for a short distance the two right wheels of his car were on a graveled shoulder. The trial court was justified upon this evidence (which has been recognized as competent by the courts for a number of years) in finding that plaintiff's car was traveling in excess of 55 miles per hour when he applied his brakes. Smoot testified that the speed limit at that time on a county rural highway was 50 miles per hour in day time and 45 miles per hour at night. The accident here involved occurred in the day time. He was unable to state what it was at that particular point at the time of the accident because he said it had been changed in that area two or three times because of the high accident record there. We believe it may be safely assumed that any changes made under the circumstances stated would be in a reduction of speed limits in that area. The evidence being in conflict on the point, a finding, if such were made, of contributory negligence on the part of plaintiff by the court on the ground of excessive speed, was justified and may not be disturbed on appeal.

Defendant's car approached the intersection at 15 to 20 miles an hour, stopped even with the stop sign and picked up his grandfather who was walking home. He looked both ways and saw no vehicles on the Higley Road either to the north or south. He stated he looked again when about half way between the stop sign and the intersection and didn't see any cars on Higley Road and didn't look again until he was struck by plaintiff's car after he had crossed the paved portion of Higley Road and was east of and outside the intersection of the paved portion of the roads. He was driving at a speed of under 15 miles per hour while crossing the road. The evidence shows that Furman testified at the trial in the justice court at Gilbert that he saw defendant's pickup when plaintiff's car was approximately 300 yards from the intersection. He didn't know whether the pickup stopped at the stop sign or not. This was not denied. Defendant testified that plaintiff told him at the scene of the accident that plaintiff first saw the pickup when plaintiff's car was one-quarter mile from the intersection. Plaintiff denied at the trial having made this statement to defendant.

Plaintiff strenuously urges that the last-clear-chance rule should have been applied in this case; that the evidence shows that the driver of defendant's truck saw, or by the exercise of reasonable care, should have seen and recognized that plaintiff was in a position of peril from which he could not extricate himself and that the driver of defendant's car could have prevented the collision of the two vehicles if he had exercised that care which an ordinary reasonably prudent person would have exercised under like circumstances and asserts that there is no other theory, supported by reasonable evidence to sustain the trial court. We assume that by this assertion, counsel means that the evidence relating to the circumstances surrounding the collision are not susceptible of any other construction than that contended for by him. We agree with the rule of law as enunciated in Casey v. Marshall, 64 Ariz. 232, 168 P.2d 240, that the doctrine of last clear chance should be applied where the evidence supports it, but we certainly do not agree with the assertion that the evidence in this case compels the application of the rule. In fact the evidence is in sharp conflict on every point relating to the cause of the collision. The court by its judgment obviously found the drivers of both cars were guilty of contributory negligence. Counsel for plaintiff thoroughly presented the question of last clear chance to the trial judge on two occasions and his contention was rejected. A careful examination of the evidence indicates to us that the evidence abundantly justified the ruling and finding of the trial court. We will therefore adhere to our long-practiced rule that the finding and judgment of the trial court upon conflicting evidence will not be disturbed regardless of whether the case was tried to the court or to a jury.

Judgment affirmed.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.