321 P.2d 1035

**Wade CHURCH and L. D. Klemmedson, Appellants,**

**v.**

**R. B. MEREDITH, Appellee.**

No. 6331.

Supreme Court of Arizona.

Feb. 26, 1958.

Wade Church, Phoenix, for appellants.

Moore & Moore, Phoenix, for appellee.

JOHNSON, Justice.

Appellee brought one suit against appellant, Wade Church, and another suit against appellant L. D. Klemmedson. The suits were consolidated for trial and both suits are before us on appeal as a consolidated case from a judgment against each appellant in the sum of $1,000 plus $250 attorney's fees.

The complaints were identical, except as to the promissory note involved, and alleged: the execution of a promissory note payable to the order of appellee by each appellant; that although often requested, each

appellant failed and refused to pay the note or interest thereon; and a prayer for judgment in the sum of $1,000, with interest, plus $250 as reasonable attorney's fees.

The answers were identical and each admitted the execution of the promissory note. However, as an affirmative defense it was alleged that no consideration was ever given for the notes as all moneys were retained and used solely for the benefit of appellee, as general agent of the Co-op Life, Health, and Accident Insurance Association, an Arizona corporation, and Accident Insurance Association, an Arizona corporation, now known as the Sun Life Insurance Company; that said moneys were retained by appellee and were never turned over to the insurance company of which appellee was general agent and is now an officer; and that each appellant was nothing more than an accommodation maker for the aforesaid insurance company.

Appellants set forth four assignments of error but admit the only issue before this court is whether there was consideration for the notes. Many authorities are cited for the abstract proposition of law that failure of consideration is a defense and that where there is error affecting a substantial right a case should be reversed. Appellants failed to point out wherein the evidence is deficient to support the judgments. We have, nevertheless, carefully scrutinized the evidence and find no material conflict therein which can be of any solace to appellants. The evidence clearly established that appellee loaned $1,000 to each appellant, evidenced by his personal checks payable to the order of appellants, and by them endorsed and turned over to the insurance company. It was also clearly established that the insurance companies were in financial difficulty and appellee refused to loan them any money but did agree to loan appellants the money in order for them to then loan the money to the insurance company and assume the risk thereof. The promissory notes involved herein were renewal notes executed some six months after the date of the original notes. There is a question as to whether appellant, Wade Church, executed the original note but there is no doubt he received the money and executed the note set forth in the complaint. At the most it might be conceded a conflict exists in the evidence as to the fact that appellants were under the impression appellee was loaning the money to the insurance company. However, we do not think the evidence even supports this impression. Assuming a material conflict in the evidence exists we have repeatedly held that where the evidence is in conflict we will not substitute our opinion thereof for that of the trial court. The evidence will be taken in the strongest manner in favor of appellee and in support of the court's findings; and the judgment will not be disturbed when there is any reasonable evidence to support it. Anderson v. Artesia

Inv. Co., 66 Ariz. 335, 188 P.2d 455; Sturges v. Tongeland, 83 Ariz. 148, 317 P.2d 941; Eldridge v. Jagger, 83 Ariz. 150, 317 P.2d 942.

Judgment affirmed.

UDALL, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concurring.