330 P.2d 987

**Neil F. WINTERTON, dba Neil F. Winterton Insurance Agency, Appellant,**

**v.**

**John D. LANNON and Paula Lannon, his wife, and John D. Lannon, dba Dick's 3H Ranch Market, Appellees.**

**No. 6636.**

Supreme Court of Arizona.

Oct. 29, 1958.

David O. Brown, Mesa, for appellant.

Eugene K. Mangum, Casa Grande, for appellees.

PHELPS, Justice.

This is an appeal by appellant, plaintiff below, from a judgment entered in favor of defendants, appellees herein. The parties will be hereinafter designated as plaintiff and defendants respectively as they appeared in the trial court.

The facts are that plaintiff whose office is located at Mesa, Arizona, is the agent of Northwestern Life Insurance Company with its home office in Seattle, Washington. Defendants are engaged in business at Stanfield, Pinal County, Arizona. In 1956 plaintiff called at defendants' place of business and procured an application for a policy of insurance in said Northwestern Life Insurance Company on the life of defendant, John D. Lannon, in the sum of $10,000 and later another one for $15,000. Said defendant was then carrying a $25,000 policy with another life insurance company which he had shortly theretofore purchased.

These applications were accepted by the insurance company and policies were issued thereon. The total amount of premiums on the two polices was $1,384.50. Upon delivery of said policies to defendants on June 6, 1956, defendants gave to plaintiff a check in the full amount of the premium, postdated September 11, 1956. Plaintiff accepted said check and paid from his own funds the full amount of the premium to the Northwestern Life Insurance Company. Defendant stopped payment on his postdated check to plaintiff and the latter brought this action. The case was tried to the court with the result above stated.

Defendants alleged as a defense to said action that plaintiff represented to defendant that the policy he had recently purchased was not in accordance with the desires of defendant and did not suit the needs and requirements of the said John D. Lannon; that plaintiff could and would procure the cancellation of the policy then held by said defendant, and that it was upon the condition that plaintiff would secure cancellation of said policy that defendants agreed to purchase the policies in the Northwestern Life Insurance Company from plaintiff. Defendants introduced evidence to support this defense which plaintiff strongly denied.

Plaintiff has presented only one assignment of error which is based upon the insufficiency of the evidence.

The trial court heard the evidence in the case consisting of a transcript of one hundred pages. We have carefully read the evidence and find a number of sharp conflicts therein which bear directly upon the material issue of the case, i. e., whether the purchase of the insurance from Winterton was conditional upon his procuring the cancellation of the $25,000 policy then held by defendant. It is our steadfast rule that we will not disturb the finding and judgment of the trial court based upon conflicting evidence regardless of whether it was tried to the court or to a jury. Anglin v. Nichols, 80 Ariz. 346, 297 P.2d 932. Under such circumstances the evidence will be taken in the strongest manner in favor of defendants and in support of the court's findings, and the judgment will not be disturbed when there is any reasonable evidence to support it. Church v. Meredith, 83 Ariz. 377, 321 P.2d 1035.

The trial judge was faced with the problem of determining the credibility of the plaintiff and defendant relating to the facts and circumstances surrounding the agreement to purchase the insurance in question and the conditions, if any, upon which the contract to purchase was made. This was the province and duty of the trial judge under the law. He chose to give greater weight to the testimony of defendants and their witnesses than to that of plaintiff. There is reasonable evidence to support the finding and judgment of the court.

Judgment affirmed.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concurring.