357 P.2d 617

Marlin **BOHMFALK** and Dorothy Bohm-
falk, his wife, Appellants,

v.

Ralph **VAUGHAN**, Appellee.

No. 6783.

Supreme Court of Arizona.

Dec. 7, 1960.

---

H. S. McCluskey, Phoenix, for petition-
er.

John R. Franks, Phoenix, for respondent
The Industrial Commission of Arizona;
Donald J. Morgan, James D. Lester, Fran-
ces N. Long, Phoenix, Edward E. Davis,
Glendale, and C. E. Singer, Jr., Phoenix,
of counsel.

Beer, Seaman & Polley, Phoenix, for appellants.

John Pintek, Bisbee, for appellee.

PHELPS, Justice.

This is an appeal by appellants, defendants below from a judgment entered in favor of the appellee-plaintiff. The parties will be referred to as defendants and plaintiff as they appeared in the trial court. The cause was submitted to the jury on interrogatories. The court then made findings of fact and conclusions of law on the request of the defendants.

From the record it appears that prior to August 1953 the plaintiff was operating a

service station business in Douglas, Arizona, in a service station owned by Standard Oil Company, and leased to him. Thereafter negotiations began between the plaintiff and defendants to set up a partnership. On August 19, 1953, the parties entered into a written partnership agreement for the operation of said service station in Douglas, Arizona. This partnership agreement in the part material for our review here provides:

Clause "6. The capital of said firm to be $7,000.00 to be contributed and paid into the firm equally by the partners.

"9. Quarterly, beginning on October 1st, 1953, a full and complete inventory of stock shall be taken, and a complete statement of the partnership shall be made, and an accounting between the partners shall be had, * * *. Neither partner shall be permitted to withdraw any profits or funds from said business for his own personal use during any three month period in advance of the above mentioned accounting date except that each partner may draw as wages an amount mutually agreed.

"12. This partnership may be terminated at any time by a written instrument, the terms of which are mutually agreed."

On the same date the plaintiff sold to the defendants an undivided one-half interest in said business together with the merchandise, gasoline and oil, trade fixtures and equipment, four trailers and miscellaneous items for the sum of $3,500. This sale was accomplished by the execution of a bill of sale as of that date and the payment by defendants to the plaintiff of $2,000 on the purchase price with the $1,500 balance to be evidenced by a promissory note which said note was to be signed at a later date by the defendants. Said note, however, was never signed by the defendants. At the time of the negotiations and sale of the one-half interest, the plaintiff disclosed to the defendants the true facts relating to the business and of the cost to him of the merchandise, inventory and equipment.

The defendants claim that on September 4, 1953, the plaintiff by a bill of sale transferred and sold to the defendants the whole business including the plaintiff's interest, a certain Chevrolet pick-up truck and bank account for $3,000. They further claim that the $3,000 has been fully paid by the $2,000 on the 19th of August and by the payment on September 8th of the remaining $1,000 to the plaintiff. This contention, however, was not supported by the evidence. The court and the jury found that this purported sale, claimed to have been made

by the plaintiff to the defendants during the month of September 1953, was without consideration and that the transfer of property to the defendants was made by the plaintiff because of the fraudulent representation made by the defendant Marlin Bohmfalk that the property described in the said bill of sale should be conveyed to him to protect him against the plaintiff's creditors, or against persons who might sue plaintiff. There was no evidence adduced at the trial that the plaintiff feared his creditors nor was there any evidence that he attempted to defraud same.

On September 3, 1953, the plaintiff transferred the equity of his Chevrolet pick-up truck to the defendant and continued to use said truck as a partner in the business. The transfer of the truck made it the property of the partnership. At the time of transfer the plaintiff had an equity in the truck of $500. The defendant has never paid anything for the equity of the truck since it has become the property of the partnership.

The plaintiff and defendant continued to operate said service station in Douglas, Arizona, as a partnership, and held themselves out as partners during the months of October, November and December of 1953 and during the month of January 1954. On or about February 21, 1954, the defendants demanded that they have sole possession and control of said service station business and then wrongfully excluded the plaintiff therefrom. On or about July 25, 1954, the defendants purported to sell the business to one Mark Anthony. Before this purported sale the plaintiff served notice and claim upon Mark Anthony to the effect that the plaintiff claimed an interest in said business. No settlement or accounting was ever made between the parties as provided in said partnership agreement.

Plaintiff then brought this action against defendants. Trial was had and the cause submitted to a jury on interrogatories as above stated. On July 14, 1958, the trial court by its decree dissolved the partnership then existing between the parties and awarded the plaintiff the sum of $1,576.62 on the accounting made in this action. From this judgment the defendants have appealed to this Court.

■ Defendants essentially have made five assignments of error which merit our consideration. First, defendants contend error based upon insufficiency of the evidence. The trial judge heard the evidence in the case consisting of a transcript of eight hundred pages. We have carefully read the evidence and find a number of sharp conflicts therein which bear directly upon the material issues in the case. It is our steadfast rule that we will not disturb the finding and judgment of the trial court based upon conflicting evidence regardless of whether it was tried to the court or to a jury. Winterton v. Lannon, 85 Ariz. 21, 330 P.2d 987; Anglin v. Nichols,

80 Ariz. 346, 297 P.2d 932. Under such circumstances the evidence will be taken in the strongest manner in favor of the plaintiff and in support of the court's findings, and the judgment will not be disturbed when there is any reasonable evidence to support it. Winterton v. Lannon, supra; Church v. Meredith, 83 Ariz. 377, 321 P.2d 1035. Here the trial judge and the jury were faced with the problem of determining the credibility of the plaintiff and the defendants relating to the facts and circumstances surrounding the operation of this service station business. They chose to give greater weight to the plaintiff's testimony and to that of the plaintiff's witnesses. There is reasonable evidence to *support the finding and judgment of the* court.

■ Second, the defendants contend error upon the submission to the jury of the question of whether or not a partnership existed between the parties. Whether a partnership exists between parties has been said to be a mixed question of law and fact. It has been loosely held that the question is one of fact. The general rule is that, where the question depends on the interpretation of a written instrument particularly if the written instrument is unambiguous, or is complete and expresses in good faith the full understanding and obligation of the parties, the question as to whether a partnership exists is one of law for the court; while, if the facts are in dispute, or the evidence is conflicting or open to more than one inference, or in the absence of an unambiguous contract of partnership, the question is one of fact for the jury. 68 C.J.S. Partnership § 59; Preston v. State Industrial Accident Commission, 174 Or. 553, 149 P. 2d 957. There is no dispute here that an unambiguous partnership agreement was entered into between the parties. However, we do find that the evidence was in sharp conflict concerning whether or not the partnership agreement went into effect and if it did whether or not such agreement was superseded by a subsequent agreement. This conflicting evidence coupled with the fact that such was open to more than one inference presented a question of fact for the jury.

■ Third, defendants contend the trial judge committed error by making findings of fact and that he did not accept all of the jury's answers to the interrogatories. It should be noted here that the defendants were the ones who requested the trial judge to make findings of fact and conclusions of law. If such request led the court into error then the defendants should not be able to appeal on that ground. A party may not invite error at the trial and then assign it as error on appeal. Hightower v. State, 62 Ariz. 351, 158 P.2d 156.

■ Whether or not the trial judge is bound by the answers to the interrogatories submitted to the jury depends upon whether

the action is one at law or in equity. If the action be one at law and the special verdicts of the jury be supported by evidence, the special verdicts are binding upon the court. In re Morrison's Estate, 55 Ariz. 504, 103 P.2d 669. In an equitable proceeding in which interrogatories are submitted to the jury, the jury's answers are only advisory, and not binding upon the trial court. 16 A.R.S. Rules of Civil Procedure, rule 39(*l*); Carrillo v. Taylor, 81 Ariz. 14, 299 P.2d 188; Lane v. Mathews, 75 Ariz. 1, 251 P. 2d 303.

We now come to the question as to whether the action was at law or in equity. The plaintiff brought this action in the trial court based upon conversion and also asked for an accounting. It is the general rule that one partner cannot sue the other at law as distinguished from an action in equity with respect to the partnership transactions except after a full accounting and balance has been had, and such action is on contract, and not ex delicto. One partner cannot sue his copartner for damages in conversion in respect to the firm property. Jacob v. Cherry, 65 Ariz. 307, 180 P. 2d 217; Bertozzi v. Collaso, 21 Ariz. 388, 188 P. 873, 21 A.L.R. 5. Therefore, a count in a complaint that alleges an existing partnership and seeks damages based upon conversion and such action arising between the alleged partners does not state a cause of action. This is so for the reason that the only action, under circumstances such as these, that will lie between copartners in regard to partnership business is an action for an accounting. Jacob v. Cherry, supra. However, the complaint also alleged an action for an accounting. The principal issue before the court was, therefore, whether a partnership existed. Both the court and the jury decided that it did exist. At this point the court stated conversion did not lie and proceeded on the equitable action for an accounting and at the close of the trial awarded judgment on the accounting and not on the action at law. Once the jury decided that a partnership existed between the parties they became an equitable jury. This being so the answers to the interrogatories were only advisory to the court. 16 A.R.S. Rules of Civil Procedure, rule 39(*l*).

Fourth, defendants contend error in permitting the plaintiff, over the defendants' objections, to introduce evidence to refute or vary the terms of the September 4th bill of sale on the grounds that: (1) it is without the issues of the pleadings in that fraud was not raised in the complaint and (2) it violates the Parol Evidence Rule. Usually those issues which must be pleaded as an affirmative defense are contained in the answer. However, in this case the plaintiff was only required to plead his affirmative defense of fraud if a reply was absolutely necessary under the rules of procedure as it is not incumbent upon the party filing a complaint to anticipate an affirma-

tive defense which the answer may disclose. Therefore if it was not mandatory under the rules that the plaintiff file a reply, it can hardly be said that any affirmative defense was waived by a failure to enter a reply. In re Brandt's Estate, 67 Ariz. 42, 190 P.2d 497, 499. The controlling rule is set forth in 16 A.R.S. Rules of Civil Procedure, rule 7(a):

"There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; * * *. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

This rule clearly declares that a reply is mandatory only when the answer contains a counterclaim denominated as such. The explanation for this rule is amply set forth in the case of In re Brandt's Estate, supra, in the following manner:

"Moore's text on these rules fully explains the purpose of, and reason for, this particular rule: 'A repy is *mandatory* only where the answer contains a counterclaim (which includes set-off) *denominated* as such. The difficulty of drawing a clear cut distinction between counterclaim and certain affirmative defenses necessitated the provision as to denomination. A rule of thumb is provided. The plaintiff is not put to the peril of correctly analyzing the matter set forth in the answer to determine whether he must reply. Thus although the new matter really constitutes a counterclaim, nevertheless, the plaintiff need not reply unless that matter was *denominated* as a counterclaim, and should not unless ordered to do so by the court in the exercise of its discretion. * * *'" Moore's Fed.Practice, vol. 1, sec. 7.01, Pleadings. See also 17 Hughes Fed.Practice, sec. 19514. (Emphasis in original).

Under these circumstances the plaintiff was not required to reply to the defendants' answer, and could therefore properly assert the affirmative defense of fraud at the trial of the cause. This is provided for in 16 A.R.S. Rules of Civil Procedure, rule 12 (b):

" * * * If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief."

■ In answer to the defendants' contention that the introduction of the parol evidence to refute or vary the terms of the written bill of sale violated the Parol Evidence Rule, it is sufficient to say that it is settled law that " * * * whereas evidence of prior or contemporaneous oral agreements and negotiations is inadmissible, to vary the terms of a written contract, nev-

ertheless parol evidence is admissible to show fraud in the inducement of said contract." Lusk Corporation v. Burgess, 85 Ariz. 90, 332 P.2d 493, 495; Pioneer Constructors v. Symes, 77 Ariz. 107, 267 P.2d 740, 41 A.L.R.2d 668.

Fifth, defendants contend error in the receiving into evidence, over defendants' objection, and submission to the jury the depositions of the defendants on the ground that they did not have an opportunity to object to the material contained therein. We find this assignment unwarranted. At the time the depositions were offered into evidence for the purposes of impeaching and contradicting the defendants, the trial judge expressly offered the defendants the opportunity to object to any material contained in the depositions. This the defendants failed to do. Regardless of this the submission of these depositions to the jury in this case would not constitute reversible error since the jury acted only in an advisory capacity to the court.

We have carefully considered the other assignments of error not contained in the above and find same to be without merit.

For the reasons stated the judgment of the superior court is affirmed.

STRUCKMEYER, C. J., and BERNSTEIN and LESHER, JJ., concur.