330 P.2d 817

**Alice G. PHELAN, Executrix of the Last Will and Testament of Byron Phelan, deceased, and Alice G. Phelan, individually, Appellants,**

**v.**

**Earl V. HIGHTOWER, Appellee.**

**No. 6830.**

Supreme Court of Arizona.

April 5, 1961.

Marshall W. Haislip, Phoenix, for appellants.

Tom Roof, Phoenix, for appellee.

UDALL, Justice.

This action arose upon a written contract wherein appellee agreed to drill a well on the premises of appellant. The terms of the contract provided that the driller be paid $4 per foot for drilling and inserting an eight-inch casing in the well. The driller assumed no liability for discovering water. It was further provided that if no water of sufficient quantity to justify the operation of the well were discovered at the 200-foot level the parties would renegotiate the contract in reference to the price per foot for drilling below that level.

The well was drilled to the 250-foot level without discovery of sufficient water to justify the operation of the well. At that point the parties renegotiated the contract to include the following additional terms:

"All footage over and in excess of 250 ft. shall be charged for by First

Party at the rate of six ($6.00) dollars per ft.; and First Party agrees to continue drilling at said $6.00 per ft. until sufficient water is encountered, or or Second Party (Property Owner) asks that the drilling be stopped; or, should any granite formation be encountered, then said well will be terminated and all footage from 250 Ft. to deepest depth from ground level will be paid for by Second Party at a rate of $6.00 per ft."

What happened after the renegotiation is in conflict. All that is certain from the testimony is that some difficulty was encountered at 260 feet because of the presence of a granite boulder and that some discussion ensued between the parties relating to the problems of continuing the drilling operation. The scope and content of the discussion is in conflict. Appellant (one of the property owners) testified that appellee (the driller) attached certain conditions to continued drilling which were unauthorized by the contract as amended by the supplemental provisions worked out in renegotiation and that treating those conditions as an anticipatory breach the property owners terminated the contract. On the other hand appellee testified that he did not attach any conditions to further drilling but rather that he merely informed the property owners that the presence of granite might make it impossible to continue to put down an eight-inch pipe to a greater depth than already reached. He testified that acting on this information the property owners exercised their option to terminate the drilling operation.

The conflict in the testimony relating to alleged anticipatory breach and alleged termination was weighed by the trial court, sitting without jury, and resolved in favor of appellee. We have repeatedly held that the task of weighing the evidence is for the trier of fact and that we will not disturb the trier's judgment so long as there is a substantial conflict in the record. See, e. g., Eldridge v. Jagger, 83 Ariz. 150, 317 P.2d 942; Church v. Meredith, 83 Ariz. 377, 321 P.2d 1035.

In the instant case the testimony concerning who breached the contract was in direct conflict. The trial court specifically stated that it did not think the parties attempted to deceive the court but that in weighing all the factors he resolved the conflict, selecting the appellee's memory and testimony as more reliable when all testimony was placed in the context of the extrinsic circumstances. Having resolved the conflict by selection of that testimony which seemed to him most credible and having awarded appropriate damages consistent with his determination of the issue, we will not upset his findings. The judgment is therefore affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and JENNINGS and LOCKWOOD, JJ., concur.