396 P.2d 614

Sebe MUSGROVE, Appellant,

v.

Rex LEONARD, Appellee.

No. 7333.

Supreme Court of Arizona.

En Banc.

Nov. 13, 1964.

Westover, Mansfield, Westover & Copple, Yuma, for appellant.

Ingraham & Dennis, Yuma, for appellee.

BERNSTEIN, Justice.

This is an appeal from a judgment for the plaintiff and against the defendant on his counterclaim. The complaint alleged an employment contract and the counterclaim alleged non-payment of the purchase price of cattle. The case was tried by the judge without a jury and findings of fact were requested and made under Rule 52(a), Rules of Civil Procedure, 16 A.R.S. The trial judge entered a judgment in favor of the plaintiff on his complaint and against defendant on his counterclaim. Defendant-appellant Musgrove contends here there is no evidence to support the judgment in favor of plaintiff and further that the pleadings and the evidence show he is entitled to a judgment on his counterclaim as a matter of law.

Defendant makes three assignments of error: (1) Plaintiff pleaded a contract of employment as "manager and overseer" and no such contract was proven, (2) Plaintiff pleaded an account stated, and no account stated was proven, (3) The answer to the counterclaim and the uncontradicted admissions of the plaintiff show that $2,163 was due from the plaintiff to the defendant.

Defendant, Musgrove, was a landowner engaged in farming and ranching activities in Yuma County. Leonard, the plaintiff, was a farm manager who also engaged in livestock ventures. When the parties did business together their contracts were made orally, and modified orally, although payments were made by check and some accounts were kept. In August 1957, plaintiff and defendant discussed farming 1200 acres of land on a share basis for the coming year. Under this arrangement plaintiff

**46**

would have been "farm manager and overseer". It was impossible to secure the necessary financing and this venture was abandoned. During this time plaintiff did some work for defendant, the exact nature and amount of which is in dispute.

Plaintiff testified he had general supervisory duties throughout the period involved here. He had general supervision of the operation. He further testified he employed cotton pickers and a row boss, and arranged for their payment by funds advanced by the cotton gin. He drove trucks and tractors as occasion demanded and helped with the harvesting of alfalfa seed. He visited and checked on various cattle operations being conducted by defendant. No effort was made to show the exact time spent in these activities. Because of the pending share agreement, there was no agreement as to the amount which he was to be paid.

Defendant contends that the complaint does not entitle plaintiff to recover for the reasonable value of his services, because under his pleadings the plaintiff may recover only for an account stated which he failed to prove. The complaint reads in applicable part:

"That between the 15th day of August, 1957, and the 1st day of November, 1957, the plaintiff at the special instance and request of the defendant performed work, labor and services for the defendant as the manager and overseer of approximately 1200 acres of land owned or leased and being cultivated by the defendant for general farming purposes, which services and labor *were of the agreed and reasonable value of $1,200.00;* that said services and labor so performed by said plaintiff as aforesaid *were of the reasonable value of $1,200.00;* that even though plaintiff had made demand of the defendant for payment of said $1,-200.00, the defendant has refused payment thereof and no part of which has been paid; * * *" (Emphasis supplied.)

Plaintiff contends that the above pleading states a cause of action for the reasonable value of the services and that there is evidence to support the verdict for the reasonable value of the services actually rendered. While not a model of clarity, we regard the pleading quoted above as being in the alternative. Pleadings of an account stated or in the alternative for reasonable value is permissible. Wright v. Burhart, 35 Ariz. 246, 276 P. 837. Where a contract is abandoned by mutual consent of the parties, the party who has done work and labor may recover the reasonable value of his services. Parker v. Holmes, 79 Ariz. 82, 284 P.2d 455.

No attempt was made to prove the value of plaintiff's services. But a minute entry shows this stipulation:

"It is stipulated that reasonable values of *supervisory servies* [sic] of 1200 acres was $400.00 per month in this area. If plaintiff is found to be *supervisor* this amount may be used." (Emphasis supplied.)

The trial judge did not use the word "supervisor" in his findings of fact. He did find that plaintiff "performed work, labor and services for the defendant of the reasonable value of $1200.00." It is clear he was relying on the stipulation in setting the value of the plaintiff's services. The testimony of plaintiff was that his work was supervisory.

We do not regard the variance between the stipulation and the finding of fact as significant. The assignments of error are directed at the court's considering the case on the theory that the plaintiff was entitled to the reasonable value of his services and not at this discrepancy between the language of the stipulation and the language of the finding. Cf. Shun v. Hospital Benefit Association, 89 Ariz. 12, 357 P.2d 603.

As we said in Bohmfalk v. Vaughan, 89 Ariz. 33, 37, 357 P.2d 617, 620:

"It is our steadfast rule that we will not disturb the finding and judgment of the trial court based upon conflicting evidence regardless of whether it was tried to the court or to a jury. Winterton v. Lannon, 85 Ariz. 21, 330 P.2d 987; Anglin v. Nichols, 80 Ariz. 346, 297 P.2d 932. Under such circumstances the evidence will be taken in the strongest manner in favor of the plaintiff and in support of the court's findings, and the judgment will not be disturbed when there is any reasonable evidence to support it."

The trial judge, however, found that plaintiff performed services only from August 15 to November 1, a two and one-half month period. Applying the stipulation for $400.00 per month to this finding, a verdict for more than $1,000.00 is not supportable. The judgment for the plaintiff must be reduced to $1,000.00, and as so modified it must be affirmed on this issue.

Defendant in his final assignment of error contends that the reply to the counterclaim and the admission of the plaintiff show that defendant is entitled to judgment on the counterclaim. The counterclaim reads in applicable part:

"That on or about the 18th day of March, 1958, the defendant purchased for the count [sic] of the plaintiff 32 head of cattle of the value of $2,163.00 which cattle were thereupon delivered to the plaintiff; that plaintiff promised and agreed to pay to the defendant said sum of $2,163.00 therefore [sic] but that payment thereof has been refused and that plaintiff is now indebted to the defendant in said sum."

In his reply the plaintiff admitted the purchase of the cattle, but denied indebtedness. Plaintiff testified that defendant had sent him 32 head of cattle from the Cornelius Feed Yards in Phoenix. The testimony continued:

"Q (Mr. Dennis) And you, I believe, stated you didn't pay him for those?

"A (Mr. Leonard) No, sir.

"Q And did you give him a credit in the ledger book for those cattle?

"A Yes.

"MR. WESTOVER: That is an accounting matter, and we object, if the court please.

"THE COURT: Sustained.

"Q Did Mr. Musgrove ever demand payment from you for those 32 head of cattle?

"A No, sir."

■ The trial judge found as a fact that "the defendant was not entitled to any relief under his counterclaim." More detailed findings would be preferable. In searching the record for evidence to support the trial judge's denial of relief under the counterclaim, we are met by the fact that the trial judge sustained an objection to the only material evidence in the record which would have supported his finding. It was error to sustain the objection. The witness was not asked to give his opinion on an accounting matter. He was merely asked if he made a credit entry in the ledger. He may testify as to his own act. See Henney v. Lambert, 237 Iowa 146, 21 N.W.2d 301, a case such as this one involving farm transactions.

■ The question, therefore, is whether the trial judge could consider the answer to which he had erroneously sustained an objection, in making his findings of fact, in a trial in which no jury was involved. The trial judge, having expressly excluded the competent evidence, should not consider this excluded evidence in his findings.

"The only evidence offered which seems to make that issue material is contained in the written agreement made between the plaintiff and Mr. Richardson, which agreement, we think, should have been admitted; but, as that evidence was excluded (upon the objection of defendants' counsel), it cannot be presumed, in their favor, that the trial court considered such evidence, or based its finding and judgment upon a dispute as to what constituted a reasonable time." W. T. Craft Realty Co. v. Livernash, 27 Colo.App. 1, 146 P. 121, 123.

Judgment as modified affirmed in part and reversed in part for a new trial.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and SCRUGGS, JJ., concur.