542 P.2d 426

Donald McCLANAHAN and Phyllis McClanahan, husband and wife, Appellants,

v.

COCHISE COLLEGE, State of Arizona, the Governing Board of Cochise College, Charles O. Bloomquist, Matthew W. Borowiec, Dr. Charles C. Di Peso, Edward J. Donnelly, and Fred A. Dunsmore, Individually and as members of the Cochise College Governing Board, Appellees.

No. 2 CA–CIV 1838.

Court of Appeals of Arizona, Division 2.

Nov. 13, 1975.

Rehearing Denied Dec. 18, 1975.

Review Denied Jan. 20, 1976.

**234**

W. Edward Morgan, Tucson, for appellants.

Bruce E. Babbitt, The Atty. Gen. by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellees.

## SUPPLEMENTAL OPINION ON REHEARING

HOWARD, Chief Judge.

In their motion for rehearing appellees attack our holding that the complaint stated a claim for relief under 42 U.S.C.A. Sec. 1983. They claim that good faith is a defense and that since the complaint failed to allege that the members of the district board acted in bad faith, no claim for relief was stated.

A.R.S. Sec. 15–678 provides that members of the district board are immune from personal liability with respect to all acts done and actions taken in good faith within the scope of their authority during duly constituted regular and special meetings with approval of a majority of the board. However, as we indicated in our original opinion, the Arizona statute cannot be used to defeat an action otherwise maintainable under 42 U.S.C.A. Sec. 1983. A good faith defense for school board members in Sec. 1983 litigation was recognized in *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 1992, 43 L.Ed.2d 214 (1975). Nevertheless, this defense is a qualified one and a school board member is not immune if he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the person affected, or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to the person. *Wood v. Strickland,* supra. Good faith is an affirmative defense. Therefore, appellants did not have to allege lack of good faith in their complaint. *Keck v. Kelley,* 16 Ariz.App. 163, 492 P.2d 412 (1972); *Bohmfalk v. Vaughan,* 89 Ariz. 33, 357 P.2d 617 (1960).

Contrary to what we stated in the original opinion, appellants did respond to appellees' contention that the individual board members could not be liable.

The motion for rehearing is denied.

KRUCKER and HATHAWAY, JJ., concur.