NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

_____

MANUEL REYES, *Plaintiff/Appellant*,

*v.*

NANCY J. MENDEZ, *Defendant/Appellee*.

No. 1 CA-CV 13-0449
FILED 05-27-2014

_____

Appeal from the Superior Court in Maricopa County
CV2012-095259
The Honorable Mark F. Aceto, Judge

**AFFIRMED**

_____

COUNSEL

Law Office of David E. Johnson, Mesa
By David Earl Johnson
*Counsel for Plaintiff/Appellant*

Dominguez Law Firm, Phoenix
By Antonio Dominguez, Lisa Montes
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Peter B. Swann joined.

---

**W I N T H R O P**, Judge:

¶1 Appellant Manuel Reyes (Reyes) appeals the trial court's ruling in favor of Appellee Nancy J. Mendez (Mendez). Specifically, Reyes argues the trial court erred when it found that he converted Mendez's personal property and that no partnership existed between the parties. Reyes also argues the trial court's order granting attorney fees to Mendez was improper.

## FACTS AND PROCEDURAL HISTORY

¶2 This case arises from an alleged partnership between Reyes and Mendez regarding a public reception hall they leased as co-tenants. Reyes previously signed a lease in November 2011 with Saia Family Limited Partnership (the Landlord) for the rental of one of their buildings (the Facility). At the time Reyes signed the lease, the Landlord understood Reyes would use the Facility as a banquet hall.

¶3 Reyes and Mendez met when Mendez, who was seeking to open her own banquet hall, responded to an advertisement Reyes placed in a magazine attempting to sell a business. Shortly thereafter, however, the parties decided to operate the Facility as co-tenants. In furtherance of that decision, Mendez moved certain catering equipment and other event-related personal property onto the Facility's premises. Reyes sought the assistance of his accountant (the Accountant) to draft a partnership agreement. However, Mendez did not attend a scheduled meeting with Reyes and his accountant, and thus, the agreement was never drafted.

¶4 Nevertheless, in February 2012, Mendez and Reyes coordinated an event together at the Facility; to some extent, they shared in the resulting revenue generated from the event. After that event,

Mendez continued to solicit and hold events at the Facility without Reyes's involvement.[1]

¶5 In August 2012, Reyes filed a complaint requesting dissolution of partnership against Mendez. In his complaint, Reyes also requested an accounting, and further claimed Mendez breached her fiduciary duty and violated Arizona Revised Statute (A.R.S.) § 13-2301.D.4 (2010). That same day, Reyes also filed a motion for a preliminary injunction requesting the trial court prohibit Mendez from entering the Facility. The trial court ultimately granted the motion at an uncontested order to show cause hearing. As a result of the preliminary injunction, the police went to the Facility to advise Mendez she needed to leave the Facility. Mendez believed she was not allowed to remove any of her equipment or other business-related personal items from the Facility.

¶6 Mendez filed an amended answer and counterclaim where she denied the existence of a partnership and also brought claims against Reyes and his wife for unjust enrichment and conversion of the personal property she was unable to remove from the Facility.

¶7 At a bench trial, both parties testified and gave conflicting testimony. Reyes testified that he and Mendez had entered into a verbal contract that they were going to work as partners and share profits. Reyes also explained that he took steps to remove Mendez from the lease after she failed to attend the meeting with his accountant. In contrast, Mendez testified she and Reyes never discussed anything regarding a partnership. According to Mendez, she agreed to employ Reyes for a fee to provide food, catering, and wait staff for agreed-upon events. Mendez testified about her efforts to recover her property from the Facility and that she was prevented from doing so after Reyes obtained the injunction. Finally, Mendez identified and testified as to the value of the allegedly converted property.

¶8 A representative for the Landlord testified at trial that when the initial lease was signed, the Landlord was aware Reyes intended to use the Facility as a banquet hall. The lease was amended to add Mendez as a co-tenant, and based upon conversations with both Reyes and

---

[1] The evidence at trial was conflicting as to this fact. Reyes testified Mendez never contacted him again, while Mendez testified she attempted to contact Reyes but he failed to return her calls.

Mendez, the Landlord understood that Reyes would provide the food product while Mendez would organize the events and decorate the Facility.

¶9        Reyes's accountant testified he was asked to draft a partnership agreement and that, according to Reyes, the parties planned on advertising their services and soliciting business together, entering contracts together with clients for the Facility, and equally dividing all profits.

¶10        In its ruling, the trial court found no partnership existed between the parties.   The trial court also held Mendez failed to prove her unjust enrichment claim, but had successfully proved her conversion claim in the amount of $15,725.  The trial court declined to order Reyes return Mendez's property .  The trial court also awarded attorney fees and costs to Mendez.

¶11        Reyes timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 12-120.21.A.1 (2003), and -2101.A.1 (Supp. 2013).

**DISCUSSION**

**I.        Conversion**

¶12        Reyes first argues the trial court erred when it found that Reyes converted Mendez's property.

¶13        We will affirm a trial court's findings of fact unless they are clearly erroneous.  Factual findings are not clearly erroneous if substantial evidence supports them, even in the face of conflicting evidence.  *See Kocher v. Dep't of Revenue of State of Ariz.*, 206 Ariz. 480, 482, ¶ 9, 80 P.3d 287, 289 (App. 2003).

¶14        To prove conversion, Mendez was required to demonstrate that Reyes (1) intentionally exercised dominion or control over her personal property, and (2) interfered with Mendez's right to control the property to an extent that Reyes may justly be required to pay her for the full value of the inventory. *See Focal Point, Inc. v. U-Haul Co. of Ariz., Inc.*, 155 Ariz. 318, 319, 746 P.2d 488, 489 (App. 1986) (acknowledging that Arizona has adopted the definition of conversion contained in the Restatement (Second) of Torts § 222.A.1 (1965)).

¶15  We find the trial court did not err in finding that Reyes exercised dominion or control over Mendez's personal property. Reyes asserts that Mendez's conversion claim incorrectly assumes that Reyes converted the property simply by applying for and receiving the preliminary injunction. To that end, Reyes argues a ruling holding a party liable for conversion for "merely abiding by [court] orders" will turn justice "on its head." We disagree.

¶16  At trial, Reyes admitted that he was aware that several of the items of Mendez's personal property were at the Facility. In fact, the trial court explicitly stated that if it had "the benefit of all of the evidence ultimately presented at trial, [it] would not have issued a preliminary injunction." This evidence is sufficient to support a finding that Reyes made a misrepresentation in order to exercise control over Mendez's personal property.

¶17  Moreover, Mendez testified the preliminary injunction precluded her from entering the Facility. Mendez described her property that she was prohibited from accessing and provided receipts and photographs of the subject items. Mendez also testified not having access to her property prevented her from doing business at other locations because she could not fully decorate for events without linens and other items stored at the Facility. She also testified she had not been able to replace these items. As a result, Mendez explained she was unable operate an event business and now worked part-time at a flower shop and at a call center.

¶18  Based on this evidence, we find the trial court did not err in finding that Reyes interfered with the subject property and that Reyes should justly be required to pay for the property's full value.

¶19  Reyes also argues the trial "compounded [its] error" by refusing Reyes the opportunity to return the property to Mendez. However, the trial court is not required to order the return of converted property. *See Focal Point*, 155 Ariz. at 319, 746 P.2d at 489.

¶20  On appeal, Reyes does not challenge the value the trial court assigned to the subject personal property. Accordingly, we do not address this issue. For these reasons, we affirm the trial court's ruling regarding Mendez's conversion claim.

## II. Partnership

**¶21** Next, Reyes argues the trial court committed error when it found Reyes and Mendez did not form a partnership. In the absence of a written instrument, the question of whether a partnership exists is one of fact. *Bohmfalk v. Vaughan*, 89 Ariz. 33, 38, 357 P.2d 617, 621 (1960). Accordingly, we will review the finding for clear error. *See Kocher*, 206 Ariz. at 482, ¶ 9, 80 P.3d at 289. As discussed, *supra*, the existence of substantial conflicting evidence on the issue does not give rise to a finding of clear error. *See id.*

**¶22** Under A.R.S. § 29-1012(A) (2014),[2] a partnership comes into existence when "two or more persons carry on as co-owners of a business for profit." This is true whether or not the parties intend to form a partnership. *Id.* However, § 29-1012(C)(1) provides that co-tenancy "does not by itself establish a partnership, even if the co-owners share profits made by the property."

**¶23** In this case, both Reyes and Mendez were co-tenants of the Facility, as evidenced by the amended lease. Other evidence and testimony was conflicting, particularly as to the nature of the business relationship. Reyes testified that he and Mendez entered into a verbal agreement to form a partnership. In support of this claim, Reyes's accountant testified that it was his understanding that Reyes and Mendez were forming a partnership.

**¶24** Conversely, Mendez testified she never discussed forming a partnership with Reyes. Mendez explained Reyes was only going to provide the food and wait staff for events, and Mendez was to provide decorating services and coordination for the events. She also testified that the parties did not have a joint bank account. As the trier of fact, the trial judge was in the best position to evaluate the credibility of the witnesses and to resolve these conflicting positions. *See Premier Fin. Servs. v. Citibank (Ariz.)*, 185 Ariz. 80, 85, 912 P.2d 1309, 1314 (App. 1995). The court made findings based on its review of the testimony and evidence provided. On this record, we find no error; accordingly, we affirm the trial court's ruling with regard to the partnership issue.

---

[2] We cite to the current version of the applicable statutes when no material revisions have since occurred.

## III.   Attorneys' Fees

**¶25**    Reyes does not contest the applicability of § 12-341.01 (Supp. 2013) to this contract action.  Instead, Reyes argues he should have been the prevailing party below and, thus, the trial court incorrectly awarded Mendez her attorney fees pursuant to the statute.  We will not disturb a trial court's award of fees if it is supported by "any reasonable basis." *Desert Mountain Props. Ltd. P'ship v. Liberty Mut. Fire Ins. Co.*, 225 Ariz. 194, 213, 236 P.3d 421, 440 (App. 2010).

**¶26**    Section 12-341.01 allows the trial court, in an action arising out of contract, to "award the successful party reasonable attorney fees." Here, Mendez was the successful party.  As such, the trial court had the discretion and a rational basis for awarding Mendez her reasonable attorneys' fees.  That award is affirmed.

## IV.   Costs and Attorneys' Fees on Appeal

**¶27**    Both parties request attorney fees pursuant to A.R.S. §§ 12-341.01, -342, and ARCAP 21.  Reyes is not the prevailing party on appeal, ; thus, we deny his request.  As the successful party on appeal, we award taxable costs plus an amount of reasonable attorneys' fees to Mendez, subject to her timely compliance with ARCAP 21.

### CONCLUSION

**¶28**    Based on the foregoing, we affirm the trial court's judgment.



Ruth A. Willingham · Clerk of the Court
FILED: gsh