**E. & J. GALLO WINERY et al. v. GALLO.**

Civ. A. No. 25172.

United States District Court
N. D. Ohio, E. D.

Oct. 12, 1949.

William G. MacKay, San Francisco, California, Hyde, Meyer, Baldwin & Doran (John W. Meyer, of counsel), Cleveland, Ohio, for plaintiff.

Albert L. Ely, of Ely & Frye, Cleveland, Ohio, for defendant.

WILKIN, District Judge.

Both plaintiffs and defendant have asked for a clarification of the opinion filed in this case under date of August 3, 1949. It seems that some amplification and clarification is required. In such cases, however, where family names and trade names are involved, it is not possible for courts to obviate all confusion. Some confusion may result for which there is no relief.

The Ohio Gallos used their family name in their wine business in Ohio prior to the advent of the California Gallos. Under the law as announced in Socony-Vacuum Oil Co. v. Oil City Refiners, 6 Cir., 136 F.2d 470, the Ohio Gallos have a right to use the family name as it was used in those early times, with a change to indicate the Christian name of the present dealer. Because the California Gallos have developed the Gallo name into a brand, trade name, and trade-mark, the defendant is not precluded from the use of her family name as used prior to the use of such brand and trade names and marks by the California Gallos in Ohio. It is no argument against the defendant's right to such use that some confusion occurs.

The defendant is by law prohibited from expanding or extending the use of her family name into its use as a brand or trade-mark because such use has been preempted by the California Gallos.

A careful review of the evidence reveals that the time when the California Gallos entered Ohio with their trade marks and trade names was 1943 instead of 1945, as stated in the former opinion (August 3, 1949).

It is the finding and judgment of this court that the defendant has a right to use the Gallo name as it was used prior to 1943. Such use (as revealed by the evidence) was not as a brand or trade mark but as a designation of the seller or bottler. The name was used to designate the place of business of the defendant or her predecessors, or at the bottom—not the top—of labels.

The former opinion has been rewritten in the attempt to clarify the points stated and is filed herewith.

This is an action involving unfair competition and trade-mark infringement. Plaintiffs are the E. & J. Gallo Winery, a corporation organized under the laws of California, with its principal place of business at Modesto, California, and the Gallo Wine Company, a corporation organized under the laws of the State of California, with its principal place of business at Los Angeles, California. The nominal defendant is Mary Gallo, doing business as Gallo Wine Company or Gallo Wines at Cleveland, Ohio.

Count one of the complaint alleges that the E. & J. Gallo Winery and the Gallo

Wine Company have produced and sold throughout the United States for many years wines under the trade-mark "Gallo" and under such trade names as "Gallo Wine Company", and that at a subsequent date the defendant commenced an unauthorized and adverse use of the trade-mark "Gallo" and such trade names as "Gallo Wine Company" and "Gallo Wines", and engaged in unfair practices.

Count two of the complaint alleges that the corporation known as E. & J. Gallo Winery is a successor of a partnership of the same name and of the earlier business of Joseph Gallo. This corporation registered the word "Gallo" with slogans and a design in the U. S. Patent Office, No. 394,-057, on March 17, 1942, and registered the word "Gallo" as a trademark for wines under the laws of the State of Ohio on August 15, 1944. It is alleged that the plaintiffs have had an earlier use of the trademark in the United States and in the State of Ohio, and that the defendant had notice of the prior rights of the plaintiffs and that regardless of the knowledge of the use of the trade-mark "Gallo" and trade names, such as "Gallo Wine Company", the defendant began to use "Gallo" as a trade-mark and began to use such trade names as "Gallo Wine Company" and "Gallo Wines".

Count three of the complaint alleges that the plaintiff, Gallo Wine Company, marketed and sold wines throughout the United States and in the State of Ohio under the trade-mark "Gallo" and under that trade name prior to the use of the word and the trade names by the defendant, and it is alleged that this subsequent use of the trademark and trade names is a willful trespass upon the established rights of the plaintiffs.

In answering, defendant admits the use of "Gallo Wines" and "Gallo Wine Company" and alleges an earlier use of the name in Ohio. Defendant also questions the manner of the use of the trade-mark "Gallo" by plaintiffs under the federal registration, and alleges in a counterclaim unfair competition by plaintiffs in the use of the trade-mark and trade names. Laches is also pleaded as a defense.

Requisite amount in controversy is alleged in the complaint and the counterclaim, and the court has jurisdiction independently of the registration of the trade-mark. Upon these issues the case has been fully heard and submitted for a decision.

The complaint seeks to enjoin defendant generally from the use of the trade-mark and trade names, and asks for an accounting of profits and for damages; the counterclaim asks that plaintiffs be enjoined from selling wine in retail trade within the State of Ohio and this district under the name "Gallo", "Gallo Wines", or "Gallo Wine Co.", and for an accounting of profits and damages.

There is little if any dispute as to the applicable law, and upon the credible evidence the findings and conclusions are briefly as follows:

It seems to be conceded that the issue is a narrow one: which party has the right to use the name "Gallo" in the sale of bottled wine, i. e., "case goods", in the local wine market.

There is no contention that the Cleveland Gallos were the prior appropriators in the United States; it is conceded that the California Gallos were first in that field outside of the State of Ohio. But it is contended, and the evidence satisfactorily proves, that the Gallo family had been in the wine business in Cleveland since December 29, 1936, and had made sales of wines in this territory through the years until the present time, but made no use of "Gallo" as a brand or a trade-mark prior to September, 1947 and made no use of "Gallo Wine Company" or "Gallo Wines" as trade names prior to September, 1943.

Beginning about 1945 the California Gallos, who had been advertising their product extensively throughout the United States, became very active in the local territory, and about the same time the Cleveland Gallos began to play up their family name by the use of "Gallo", "Gallo Wine Company" and "Gallo Wines" as brands or trade-names, evidently to capitalize on the extensive advertising and reputation of the California Gallos. The brand or trademark "Gallo" of the plaintiffs has been used by them in Ohio since at least January 14, 1943 as to bottled wines, and the products of the plaintiffs have been identified in Ohio

since May, 1937 as "Gallo Wines", and the trade name "Gallo Wine Company" of the plaintiffs was first used in Ohio in 1941. Under the circumstances, feeling that she had a right to the use of the family name, what the defendant did was rather natural and not in ruthless, but only technical, violation of rights of the plaintiffs. To some, but not very great, extent there was confusion of wines in the mind of the ordinary and unwary purchaser, and to this extent the plaintiffs were damaged.

The defense of laches is not sustained.

An injunction will be awarded to plaintiffs restraining the defendant from the use of "Gallo" as a brand or trade-mark or the representation of a rooster as a trade-mark or trade designation and from the use of "Gallo Wines" and "Gallo Wine Company" as trade names or trade designations for wines. The defendant may use, however, in Ohio the family name as it was used prior to 1943. Such use cannot now be extended or amplified or changed so as to cause confusion in the trade or deception of the public. Socony-Vacuum Oil Co. v. Oil City Refiners, 6 Cir., 136 F.2d 470, syl. 16.

In view of the small extent of unfair competition by defendant, no accounting will be ordered and the court fixes the plaintiffs' damages in the sum of $300. Court costs will also be assessed against the defendant.

The counterclaim will be dismissed.