357 P.2d 603

Ivan SHUN, doing business as Advertising Counselors of Arizona, Appellant,

v.

HOSPITAL BENEFIT ASSOCIATION, a corporation, and Hospital Benefit Assurance, a corporation, Appellees.

No. 6647.

Supreme Court of Arizona.

Dec. 9, 1960.

Rehearing Denied Jan. 10, 1961.

Snell & Wilmer, Phoenix, for appellant.

Rawlins, Davis, Christy, Kleinman & Burrus, Phoenix, for appellees.

LESHER, Justice.

The appeal is from a judgment for the defendants in an action for breach of an alleged contract of employment. Presentation of the claim to the trial court involved a plethora of pleadings, motions and orders, many of which are of no consequence in our disposition of the case and will therefore not be referred to.

The complaint stated three different claims: the first, for wages due between 1953 and 1956 under an express written contract; the second, alternatively to as first, for wages due on the basis of an oral agreement over that same time period; and the third, to recover for certain alleged underpayments of wages, beginning in 1947, and continuing to November 1951. The chronology of significant events thereafter is as follows: on June 13, 1957, in acting on a motion of defendants for summary judgment, the court made this order:

*"June 13, 1957*

"Defendants' 'Second Motion for Summary Judgment' having been argued, submitted and taken under advisement, The Court finds that genuine issues and controversy exist as to whether plaintiff is entitled to recover for services performed between November 25, 1944, and October 31, 1951 (date new contract for services at the rate of $2000.00 became effective) and the amount due therefore.

"The Court further finds that there is no genuine issue as to amounts claimed by plaintiff for services performed from and after November 1, 1951, as such services were performed under agreement for the payment of compensation

**14**

at the rate of $2000.00 per month which agreement could be and was terminated upon notice and it appears that all compensation due up to date of termination has been paid;

"Therefore, It Is Ordered that the Second Motion for Summary Judgment be and is hereby denied subject to findings above named."

This form of order and finding of fact is expressly authorized by our Rule of Civil Procedure 56(d), 16 A.R.S., which provides:

"56(d) Case not fully adjudicated on motion. If on motion under this Rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appeal without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established,

and the trial shall be conducted accordingly."

On July 26, 1957, a second amended complaint was filed by leave of court, incorporating all of the essential allegations of the original. On August 26, 1957, the court ruled on defendants' motion to dismiss the amended complaint, in part as follows:

"The defendants' motions to dismiss the first and second causes of action of plaintiff's second amended complaint are granted upon the ground that there was no contract in force or effect on December 31, 1953, subject to breach as alleged in said causes of action, therefore neither cause states a claim upon which relief can be granted."

On September 20, the first and second causes of action were dismissed in accordance with the ruling of August 26, and on November 15 judgment in favor of defendants was entered on those two causes of action. The parties on January 3, 1958, submitted the third cause of action for determination by the court on the merits without further presentation of evidence or argument and on February 25, 1958, the following order was entered:

*"February 25, 1958*

"This matter having been under advisement,

The Court Finds;

"1. By stipulation of parties this cause was on January 3, 1958 submitted

to the Court for final judgment on the merits.

"2. The cause is now pending before this Court on the allegations of plaintiff's second amended third cause of action.

"3. The Court has reviewed all pleadings, depositions, exhibits, evidence and records in the case.

"4. The Court is of the opinion that the plaintiff has failed to prove and sustain the material allegations of his second amended third cause of action by a preponderence of the evidence.

"Therefore, It Is Ordered that the plaintiff take nothing by his second amended third cause of action and that the defendants have judgment against the plaintiff on said second amended third cause of action and that the defendants recover their costs."

Several preliminary conclusions can be drawn from the foregoing facts. First, the order of August 26, 1957, purporting to grant defendants' motion to dismiss the first two causes of action for failure to state a claim, was actually a summary judgment for defendants on those two causes of action. (As the plaintiff points out in his brief on appeal.) It is apparent that the court went beyond the pleadings in determining the issues, as, indeed, it was entitled to do. Rule of Civil Procedure 12(b);

Malta v. Phoenix Title & Trust Co., 76 Ariz. 116, 259 P.2d 554. It is also clear that the court based its August 26 order on the findings earlier made, on June 13, in its order denying summary judgment.

On appeal the plaintiff-appellant has assigned as error (1) and (2) that the court erred in dismissing the first and second causes of action, in effect granting defendants summary judgment as to him, for the reasons that they alleged facts entitling plaintiff to relief and that the record discloses material issues in controversy as to them; and (3) that the judgment for defendants on the third cause of action was not supported by the evidence. *The appellant has not assigned as error the court's findings, expressed in the order of June 13, that there was no genuine issue of fact respecting the first and second causes of action and that appellant had been paid everything coming to him after 1951.* Under Rule 56(d) these matters are "deemed established" for the purposes of subsequent proceedings in the case. The June 13 findings were the sole basis for the motion which, treated as a motion for summary judgment, was granted on August 26, and which resulted in the entry of judgment of November 15. That they were the basis for the granting of the motion is also made clear by the transcript of the hearing before the trial court on September 20.

In its simplest terms the situation before this Court is this: the trial court made

**16**

findings of fact under Rule 56(d); those findings were the foundation of a judgment for defendants on the first and second causes of action; plaintiff has assigned as error the action of the trial court in entering judgment; he has not assigned as error the findings of fact; yet, if the findings are correct, the judgment was proper.

■■ It has long been the rule in this State that where the trial court makes findings of fact under what is now Rule 52 of. our Rules of Civil Procedure, those findings are conclusive and binding upon this Court unless made the subjects of appropriate assignments of error. Eason v. Heighton, 49 Ariz. 237, 65 P.2d 1373; Tennery v. Tennery, 35 Ariz. 69, 274 P. 638; Mosher v. Sabra, 34 Ariz. 536, 273 P. 534; Pinal County v. Heiner, 24 Ariz. 346, 209 P. 714. The findings of the court here, made the subject of the order of June 13, were not made under Rule 52, but under Rule 56(d). Nevertheless, they were specific findings as to facts, both in substance and in form. No exception having been taken to them by assignment of error, we consider them to be binding in our determination of this case.

And if they were correct, i. e., if there was no genuine issue of fact as to any money due to plaintiff from 1951 on, the court correctly entered the judgment of November 15 in favor of defendants on the first and second causes of action. That judgment is therefore affirmed.

■ The third cause of action, for wages alleged to have been owing to and improperly withheld from plaintiff between 1944 and 1951, was disposed of differently. After numerous hearings, and with the depositions of the plaintiff and the defendants' principal officer before the court, counsel for the parties stipulated that the court might without further proceedings determine the matter on its merits. In accordance with that stipulation the trial court entered judgment for defendants on February 25, 1958. It found that the plaintiff had "failed to prove and sustain the material allegations of his second amended third cause of action by a preponderance of the evidence." The only remaining question before us now is whether this conclusion is supported by the evidence. We apply the familiar principle that we must view the evidence in the light most favorable to the prevailing party below. Funk v. Spalding, 74 Ariz. 219, 246 P.2d 184; Todaro v. Gardner, 72 Ariz. 87, 231 P.2d 435.

In 1944, these parties had entered into a written contract. Plaintiff Shun was to perform certain services for defendants; he was to be paid a percentage of the membership fees paid to the defendants by its members, the percentage to decrease as the membership grew. The contract provided that it should continue for one year, and be automatically renewed each year thereafter if the membership had during the preceding year increased by a given number.

For the first year plaintiff was paid according to the formula, accountings of the membership and of the premiums being made to him from time to time; when one year had gone by, the defendants' membership had not increased to the number required for automatic renewal of the contract, so the contract terminated by force of the provision contained in the renewal clause. At this time nothing was said between the parties concerning the contract or a change in its terms, but plaintiff continued until 1947 to render services for which he was paid according to the original contract formula. In about 1947, however, without the knowledge of plaintiff, defendants began to make certain deductions from the amount so paid to plaintiff. According to the testimony of defendants' president payments to plaintiff from 1947 to 1951 were determined and made on the basis of the original contract formula except that commissions paid to salesmen, then hired for the first time, were subtracted from gross income before applying the formula. The evidence is uncontradicted that the amount deducted totalled $10,499.45. It is this amount for which plaintiff has sued in his second amended third cause of action. His theory is that from March, 1945, to November, 1951, he was entitled to payment in accordance with the express terms of the 1944 written contract.

It seems clear that the written contract was not renewed in 1945. No express renewal was agreed upon, and the condition precedent to automatic renewal did not occur. Nevertheless, the plaintiff continued to work for defendants until 1951 under some contract express in fact or implied in law.

 The plaintiff in his second amended third cause of action pleaded only an express contract.

"An express contract is ordinarily thought of as an actual agreement reached by parties who have openly uttered or declared the terms thereof at the time of making it, either orally or in writing. The fundamental requisites of such a contract are an offer, an acceptance, a meeting of the minds, and a quid pro quo." Alexander v. O'Neil, 77 Ariz. 91, 267 P.2d 730, 734.

The record here discloses that at no time after the 1944 contract had expired, and until November, 1951, did the parties ever discuss the terms under which plaintiff was working for the defendants, let alone reach agreement on the essentials of an express contract. In such circumstances where labor is performed by one party and accepted by another without an express agreement between them, the law will often imply a promise by the acceptor to pay the reasonable value of the services. Dey v. Quinn, 21 Ariz. 265, 187 P. 578. If there was such an implied contract here by which appellant was to receive more than he was actual-

ly paid, appellant did not either plead it or prove it. Having pleaded only an express contract, he cannot recover on a quantum meruit basis. Brown v. Beck, 68 Ariz. 139, 202 P.2d 528. He pleaded an express contract; the trial judge found that he did not prove one. We agree.

The judgment is in all respects affirmed.

STRUCKMEYER, C. J., and PHELPS, BERNSTEIN and UDALL, JJ., concur.