584 P.2d 594

**V. J. DOYLE PLUMBING COMPANY, INC., an Arizona Corporation, Appellant,**

v.

**Perry DOYLE, d/b/a Doyle Plumbing Company, Appellee.**

**No. 1 CA–CIV 3735.**

Court of Appeals of Arizona, Division 1, Department B.

July 5, 1978.

Rehearing Denied Aug. 22, 1978.

Review Denied Sept. 19, 1978.

Richard R. Brennan and Lewis & Roca, John P. Frank, Phoenix, for appellant.

Tanner, Jarvis & Owens, Terry L. Rakow, Phoenix, for appellee.

## OPINION

OGG, Judge.

The parties to this appeal are competitors in the plumbing and plumbing contracting business in Phoenix. The appellee Perry Doyle is a third generation Phoenix plumber who continues the family business under the name of Doyle Plumbing Company. Vincent J. Doyle organized the appellant corporation V. J. Doyle Plumbing Company, Inc. in 1969. As the corporate enterprise grew, so did instances of confusion on the part of the public. Appellee commenced this litigation in 1973 to enjoin appellant's use of the name Doyle and the words "Plumbing" and "Company" in the corporate name and advertising. After trial the trial court rendered findings of fact and conclusions of law and issued an injunction essentially as prayed for by appellee. Appellant stayed execution of the judgment pending this appeal.

We deem a detailed statement of the facts unnecessary. The findings of the trial court are not challenged and they are binding upon us. *Lockwood v. Mattingly*, 97 Ariz. 85, 397 P.2d 64 (1964); *Shun v. Hospital Benefit Association*, 89 Ariz. 12, 357 P.2d 603 (1960). Appellee Perry Doyle commenced plumbing under the name Doyle Plumbing Company in 1954. Vincent Doyle came to Phoenix and entered the plumbing trade in 1956. He was aware of appellee and his trade name for years prior to establishment of the appellant corporation by its present name in 1969. Appellee registered his trade name in 1972.

The trial court made no finding that Vincent Doyle consciously sought to exploit appellee's good will. It did find, however, in finding of fact No. 12, "[t]hat by longstanding prior usage, the name DOYLE has come to be associated with DOYLE PLUMBING COMPANY and plumbing services." It further found that appellant's name was confusingly similar to appellee's trade name and concluded as a matter of law:

1. The said name adopted and used by the defendant, V. J. DOYLE PLUMBING COMPANY, INC., is confusingly similar to the plaintiff's trade name, DOYLE PLUMBING COMPANY, and the use of the trade name by defendant, V. J. DOYLE PLUMBING COMPANY, INC., is necessarily deceptive and calculated to deceive and mislead the public and is an infringement upon the plaintiff's exclusive right to the use of the said surname DOYLE, and further constitutes unfair competition insofar as plaintiff is concerned.

Appellant Vincent Doyle contends on appeal that he has a right to use his name in his business and that no basis for restricting such use was shown. Appellant does not seriously argue a lack of similarity but challenges the conclusion that the corporate name is "necessarily deceptive and calculated to deceive and mislead the public."

The gist of the claim in a case of this nature is unfair competition.' *Boice v. Stevenson*, 66 Ariz. 308, 187 P.2d 648 (1947). The tension in the pertinent cases is between the generally recognized right to use one's own name in business and the right of a like-named prior user to be free from unfair business interference. See *David B. Findlay, Inc. v. Findlay*, 18 N.Y.2d 12, 271 N.Y.S.2d 652, 218 N.E.2d 531 (1966). It has been aptly observed that cases of this nature are somewhat of a law unto themselves and must be determined by the unique circumstances presented by each case rather than by inflexible general rules. *Boice v. Stevenson;* see, also *Madison v. La Sene*, 44 Wash.2d 546, 268 P.2d 1006 (1954).

It was long ago held that in the absence of "contract, fraud or estoppel," a person had the right to use his own name in business. *Howe Scale Co. v. Wyckoff, Seamans & Benedict*, 198 U.S. 118, 25 S.Ct. 609, 49 L.Ed. 972 (1905). In *Howe Scale*, the Court stated that it was dishonesty in the use of one's name that could be condemned, and not the use itself. The right established in *Howe Scale* and similar cases, sometimes referred to as "absolute," has been criticized, *Hat Corporation of America v. D. L. Davis Corp.*, 4 F.Supp. 613 (D.Conn.1933). It remains, however, a starting premise in the cases. See generally *Annot.* 44 A.L. R.2d 1156 (1955).

At the same time, courts have not been loathe to impose restraints upon one who seeks even by the use of his own name to exploit the good will which belongs to another. Examples of such cases include *Friend v. H. A. Friend & Co.*, 416 F.2d 526 (9th Cir. 1969), cert. denied 397 U.S. 914, 90 S.Ct. 916, 25 L.Ed.2d 94 (1970); *Vick Medicine Co. v. Vick Chemical Co.*, 11 F.2d 33 (5th Cir. 1926); *E. J. Gallo Winery v. Gallo*, 87 F.Supp. 433 (N.D.Ohio 1949); *J. A. Dougherty's Sons, Inc. v. Dougherty*, 36 F.Supp. 149 (E.D.Pa.1940); *R. B. Davis Co. v. Davis*, 11 F.Supp. 269 (E.D.N.Y.1935); *MacSweeney Enterprises, Inc. v. Tarantino*, 106 Cal.App.2d 504, 235 P.2d 266 (1951); *Jackman v. Mau*, 78 Cal.App.2d 234, 177 P.2d 599 (1947).

The foregoing suggests, at least in a case in which the name has not acquired a "secondary meaning" for the prior user, a simple determinative distinction between an "honest" or "good faith" use of one's own name and a "bad faith" or "fraudulent" use. There are, accordingly, cases which indicate that bad faith or dishonest purpose is prerequisite to injunctive relief. *Benrose Fabrics Corp. v. Rosenstein*, 183 F.2d 355 (7th Cir. 1950); *White v. White*, 68 So.2d 648 (La.App.1953). Other authority, however, takes the view that a showing of fraudulent intent is not required. *King's of Boise, Inc. v. M. H. King Co.*, 88 Idaho 267, 398 P.2d 942 (1965). This is generally the view of the *Restatement of Torts. 3 Restatement of Torts*, § 717 (1938).

In our view, a rule which conditions the granting of relief upon a showing of bad faith or fraudulent intent is too simplistic. If in fact a prior user is vulnerable to injury because the public may be confused and misled, the adverse consequences to both him and the public are not alleviated by the second user's honesty of purpose. Both the first user and the public may be as readily wounded by the ostrich as the fox. We believe a more realistic rule was stated by the California Court of Appeals in *Hoyt Heater Co. v. Hoyt*, 68 Cal.App.2d 523, 527, 157 P.2d 657, 659 (1945):

 . . . one must use his own name honestly and not as a means of pirating the goodwill and reputation of a business rival; *and where he cannot use his own name without inevitably representing his goods as those of another he may be enjoined from using his name in connection with his business.* [Emphasis added]

We turn then to the particulars of the present case. Initially, appellee argues that a corporation is not entitled to the benefit of the rule respecting the right to use one's own name. While there is significant authority in support of this contention, see *Wood v. Wood's Homes, Inc.*, 33 Colo. App. 285, 519 P.2d 1212 (1974), there is ample authority to the contrary, see *Howe Scale.* In any event, we hold that this principle cannot prevail where the defendant is a "one man" or family corporation as it is here. Essentially the same issue might be before us even if Vincent Doyle had chosen not to do business in the corporate form.

In respect to the determinative merits we must take the case as it comes to us and ascertain whether there is a basis for the decision reached by the trial court. Upon such a review we find that while the record does not disclose any actual bad faith on the part of appellant's principal or the blatant chicanery found in some of the cases in which injunctive relief has been sustained, affirmance is nevertheless appropriate.

The underlying principle here is the wrong involved by diverting trade from the first user of the name by misleading customers who intend to deal with him. *S. C. Johnson & Son v. Johnson*, 116 F.2d 427 (2d Cir. 1940). It is common knowledge that the public frequently calls upon plumbers under circumstances of emergency. Under such circumstances it can be important for the person in need of services to immediately contact the right person, who may have familiarity with the situation requiring plumbing services. Correspondingly, from the standpoint of the competing parties, the plumber who is intended to be called and who may have residual responsibilities in the matter should have the opportunity to respond at once to such an intended call. The record here suggests that the confusion caused by the similarity of names of the parties has interfered with and would likely continue to interfere with communications between the public and the parties. We do not regard this evidence as insubstantial and we believe it furnishes a basis for injunctive relief.

On balance, we see no inequity in the granting of injunctive relief to appellee. Appellant's principal knew for years of appellee and his trade name. The name chosen for the corporation contained each element of appellee's trade name and, in addition, only initials and the abbreviation "Inc." The identical elements are strong and the distinguishing elements are weak. While appellant's principal testified about his extensive involvement in public activities, no reason was given for selecting initials instead of the first name Vincent by which he is apparently well known. The injunction correctly does not purport to prohibit Vincent Doyle from any and all use of his name in business.

There is no exclusive right to the use of a surname and that portion of the court's number one conclusion of law is in error when it referred to " . . . the plaintiff's exclusive right to the use of the said surname Doyle." Howe Scale; see Comment, Trade Regulation—Right to Use One's Own Name—Territorial Limit of Injunction, 41 Tul.L.Rev. 952 (1967). This erroneous portion of the conclusion of law is

not carried forward as part of the injunction and is therefore harmless.

 The injunction reads, in critical part:

\* \* \* \* \* \*

3. That defendant, V. J. DOYLE PLUMBING COMPANY, INC., should be and is hereby permanently enjoined and restrained from using the trade name V. J. DOYLE PLUMBING COMPANY, INC. or any name so similar to plaintiff's trade name of DOYLE PLUMBING COMPANY as to lead to confusion and uncertainty from the use thereof in the minds of the public or customers of plaintiff, DOYLE PLUMBING COMPANY;

4. That defendant, V. J. DOYLE PLUMBING COMPANY, INC., should be and is hereby permanently enjoined and restrained from using 'plumbing' or 'plumbing company' with the use of the word 'DOYLE' in any such combinations that the two trade names of plaintiff and defendant will not be fairly distinguishable;

\* \* \* \* \* \*

Appellant argues that the injunction should be narrower in scope and that the corporation should be permitted to use the name "V. J. Doyle, Plumber." Appellant takes the view that this proposed name would be permitted by the injunction as presently written. Appellee contends that the injunction should remain as it is and its clear intent is to prohibit a name such as appellant proposes.

We agree with the appellant that an injunction limiting the use of one's own name in one's own business should be strictly construed. While we do not intend to limit the right of the parties to return to the trial court for further clarifications or modifications of the injunction, we deem it our duty under the special facts of this case to comment upon the propriety of appellant's proposed new name. Both parties have already expended great amounts of time and money to resolve this conflict, and unless we address this matter now there is a strong probability that once appellant changes the name of his business and redirects all his advertising, the courts will again see this same dispute. We therefore find that a proposed name change in the nature of "Vincent J. Doyle, Plumber, Inc." would be legally permissible and not in violation of the present injunction.

The decree appealed from is affirmed.

JACOBSON, J., and EUBANK, P. J., concurring.