591 P.2d 985

George A. RAIZK, Sr., and Alice E. Raizk, husband and wife, dba Hogie House, Appellants,

v.

The SOUTHLAND CORPORATION, a Texas Corporation, dba 7-Eleven Food Stores, Appellee.

No. 2 CA–CIV 2856.

Court of Appeals of Arizona, Division 2.

Dec. 29, 1978.

Rehearing Denied Feb. 14, 1979.

Review Denied March 13, 1979.

Rabinovitz, Dix & Sands, P. C. by Bernard I. Rabinovitz, Tucson, for appellants.

Molloy, Jones, Donahue, Trachta & Childers, P. C. by Michael J. Meehan, Tucson, and Cushman, Darby & Cushman by James L. Dooley, Washington, D. C., for appellee.

## OPINION

RICHMOND, Chief Judge.

Appellants, owners since 1961 of a business in Tucson known as Hogie House, use the name "Hogie" for sandwiches which they market. "Hogie House" was registered with the Secretary of State of Arizona as a tradename by the previous owner of the business in 1960, and "Hogie Sandwich" as a trademark by appellants in 1962. In 1975 appellants filed this lawsuit, alleging that sometime during 1970 or 1971, appellee's 7-Eleven stores began selling "Hoagie" sandwiches, thereby infringing upon the "Hogie" tradename. It was further alleged that since registration of the trademark, appellants had continued to use it to denominate the goods which they marketed, and that the trademark was affixed to the goods by means of a wrapper. Appellants sought damages for trademark infringement, and to permanently enjoin appellee from using the name "Hoagie."[1]

After a hearing, appellants' request for an injunction pendente lite was denied. At

1. "Hogie" and "Hoagie" are pronounced the same.

trial, the parties agreed that the transcript of the prior hearing might be considered with other evidence. The court made extensive findings of fact and conclusions of law and entered judgment in favor of appellee, denying relief to appellants on their complaint.

The pertinent findings of fact follow. In the use of their tradename and trademark since 1960 and 1961, and in promoting their product, appellants have established a reputation and clientele in the city of Tucson identifying the "Hogie" sandwich as their product. During 1970, appellee began advertising and selling sandwiches designated as "Hoagie" in Tucson, and it intends to continue to advertise and sell these sandwiches. No effort has been made by appellee to contest the exclusive right of appellants to the registered trademark and tradename by contesting the registration and/or renewal of registration of either with the secretary of state. Since World War II, the word "hoagie" has been common used in various parts of the United States as a generic name for sandwiches which consist of elongated buns slit to enclose various combinations of lettuce, processed meats, cheeses, onion, peppers, and spices. A "hoagie" sandwich is also known by a variety of other names, such as "zeppelin," "zippo," "blimp," "grinder," "submarine," "torpedo," "hero," and "poor boy." Some of these synonyms are particularly favored in certain areas but in other areas, some or all are used interchangeably.

The court also found that the word "hoagie" can be found in various nationally circulated periodicals, and is listed and defined in a number of regular dictionaries as well as in dictionaries of slang.[2] The first use of the word in the Tucson area was by the previous owner of the Hogie House sandwich shop, who was originally from Chester, Pa., now known as the "Hoagie Capital of the United States." Appellants failed to establish any loss of sales resulting from appellee's use of the word "hoagie," or that any purchaser of a hoagie sandwich from appellee made such purchase on the mistaken belief that he was getting one of appellants' "Hogie" sandwiches, and there was no showing of a likelihood of confusion on the part of purchasers in the future.

The court concluded that appellants' use of "Hogie" or "Hogie House" gave them no common law rights which were infringed by appellee's use of the generic word "hoagie" in a generic manner; the registration of the trademark and the tradename gave appellants no rights under the Arizona statutes which were infringed by appellee's use of the generic word "hoagie" in a generic manner; and finally, appellee had not damaged appellants.

■ Appellants' initial contention is that appellee was foreclosed, by failing to attack the registration of the term "Hogie" as used in appellants' trademark and tradename, from defending its use of the word "hoagie" as a generic term. Administrative approval of registration, however, is not conclusive and does not prevent collateral attack. *Abner's Beef House Corporation v. Abner's International, Inc.*, 227 So.2d 865 (Fla.1969). Nor does the statute affording remedies for infringement mandate injunctive relief or damages in every instance. Instead it provides that the court may restrain "such acts as [it] deems just and reasonable," and may require payment of damages and costs, "subject to the principles of equity." A.R.S. § 44–1451(B). The gist of a claim of this nature is unfair competition. *V. J. Doyle Plumbing Co. v. Doyle*, 120 Ariz. 130, 584 P.2d 594 (App. 1978).

■ There was sufficient evidentiary support for the court's finding that the word "hoagie" is a generic name and we therefore accept it. A generic term is one that refers, or has come to be understood as referring, to the genus of which the particular product is a species. *Abercrombie and Fitch Company v. Hunting World, Inc.*, 537 F.2d 4 (2nd Cir. 1976). Words that are

---

2. *See, e. g.*, The American Heritage Dictionary of the English Language, which defines "hoagie" as slang for "a sandwich, the *hero*," and refers the reader to "*hero*," which defines the term as slang for "a sandwich of heroic size made with a small loaf of crusty bread split lengthwise, containing lettuce, condiments, and a variety of meats and cheeses."

generic cannot be exclusively appropriated as a trademark. *Boice v. Stevenson*, 66 Ariz. 308, 187 P.2d 648 (1947).

Appellants argue that the term "Hogie" nevertheless had acquired a secondary meaning and, therefore, they had a valid infringement claim. In *Boice*, the court recognized that if words which are descriptive of the goods or business to which they are applied have acquired a secondary meaning, protection is afforded the first user so as to avoid deception of the public. "Hoagie," however, when used alone as a generic name for a sandwich is merely a descriptive term without secondary meaning. Under appellants' argument, the trademark registration under different although phonetically similar spelling of such indisputably generic terms as "hamburger" or "pizza" would preclude anyone else from advertising or selling those products. The court properly concluded that appellant had acquired no rights by virtue of their registration of "Hogie" and "Hogie House" which were violated by appellee's sale of hoagie sandwiches.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.