617 P.2d 23

Leon G. TAYLOR and Blanchie J. Taylor, husband and wife, dba Taylor's Equipment Rental, Appellees,

v.

William M. QUEBEDEAUX and Nancy Quebedeaux, husband and wife, dba Taylor Rental Equipment and Taylor Rental Corporation, a Foreign Corporation, Appellants.

No. 14690.

Supreme Court of Arizona, In Division.

Sept. 9, 1980.

Tanner, Jarvis & Owens by Terry L. Rakow, Pavilack, Spack & Mulchay, Phoenix, for appellees.

Henry, Kimerer & LaVelle by Michael P. Stark, Phoenix, for appellants.

HAYS, Justice.

We are here asked to review a decision of the Superior Court in Navajo County granting an injunction requiring appellants to modify the name used in conjunction with their business. Taking jurisdiction pursuant to A.R.S. § 12–2101(F)(2) and 17A A.R.S., Rules of Civil Appellate Procedure, rule 19(e), we affirm.

In 1963, plaintiffs–appellees, Leon and Blanchie Taylor, set up an equipment rental and welding business near Show Low, Arizona. Over the years the Taylors operated their establishment continuously from the same building. The words "TAYLOR'S," "EQUIPMENT," and "RENTALS" appear in large letters on the front of the building, while "TAYLOR'S," "RENTALS," and "WELDING" appear on the side. The Taylors never incorporated their business nor did they take steps to protect any trade name until 1976 when, in anticipation of this litigation, they registered *Taylor's Equipment Rental* with the Arizona Secretary of State.

In July, 1976, defendants–appellants, William and Nancy Quebedeaux opened an equipment rental establishment in Lakeside, Arizona, about three miles from the Taylor place of business. The Quebedeauxes obtained a franchise from the Taylor Rental Corporation based in Springfield, Massachusetts, to operate a *Taylor Rental Center* in Lakeside.

The Quebedeauxes ran their *Taylor Rental Center* briefly before the Taylors sought and obtained an injunction. The injunction required appellants to identify their business as *Quebedeaux's Taylor Rental Center* and to include the legend "Not affiliated with *Taylor's Equipment Rental*" on signs and advertising within a sixty–mile radius of Show Low.

Findings of fact and conclusions of law were entered by the trial court and the partial judgment and order signed by the court below contained language pursuant to 16 A.R.S., Rules of Civil Procedure, rule 54(b).[1]

At the outset we note that unless clearly erroneous, findings of fact will not be disturbed on appeal. *United Bank v. Mesa N. O. Nelson Co., Inc.*, 121 Ariz. 438, 590 P.2d 1384 (1979); 16 A.R.S., Rules of Civil Procedure, rule 52(a). Since we feel the record supports the factual determinations made by the trial court, they will not be set aside here. The findings of fact entered below reveal that the Taylor business was sufficiently identified as Taylor's Equipment Rental; that *Taylor's Equipment Rental* and *Taylor Rental Center* were deceptively similar names for businesses overlapping in geographic area served and in items rented; and that appellants knew of the potential for confusion before initiating their business.

■ The gravamen of the case before us is unfair competition and the essence of unfair competition is confusion of the public. *O'Hara v. Lance*, 77 Ariz. 84, 267 P.2d 725 (1954); *V. J. Doyle Plumbing Co. v. Doyle*, 120 Ariz. 130, 584 P.2d 594 (App. 1978). If such confusion exists, the relevant inquiry is whether the name taken by a defendant has previously come to indicate the plaintiff's business. *Boice v. Stevenson*, 66 Ariz. 308, 187 P.2d 648 (1947).

■ A review of the record indicates the Taylors did business under several variations on the *Taylor's Equipment Rental* theme;[2] however, for the purposes of unfair competition it is not particularly important that in the past the Taylors failed to adopt a single identity for their business to the exclusion of all others. Indeed it is not the name which is protected at all, but the

---

1. It was agreed by the parties that trial on the issue of damages should abide the determination of this appeal.

2. Among others, such variations included *Taylor's Equipment Rental & Welding, Taylor's Welding & Equip. Rental*, and *Taylor's Equipment Rental and Welding Repair*.

business.[3] *Bank of Arizona v. Arizona Central Bank*, 40 Ariz. 320, 11 P.2d 953 (1932).

With these legal precepts before us we also recognize that ultimately unfair competition is a question of fact. *Boice v. Stevenson, supra.* This case turns not on the fact that the Taylors established a particular name in connection with their business but on the fact that the Quebedeauxes have appropriated a name for their endeavor which is deceptive and causes confusion among the public. The name taken by the Quebedeauxes has resulted in misdelivered mail, equipment returned to the wrong store, misdirected customers, and the inescapable conclusion to the people in and around Show Low that Leon and Blanchie Taylor are somehow associated with the Quebedeaux business. The result is that years of good will, earned solely by the Taylors' efforts, would be usurped by the *Taylor Rental Center* if the Quebedeauxes are allowed to perpetuate the confusion caused by the name they have sought to use in their business.

The order and partial judgment of the trial court are affirmed.

STRUCKMEYER, C. J., and GORDON, J., concur.