**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AVIVA USA CORPORATION, an Iowa corporation; AVIVA BRANDS LIMITED, a United Kingdom limited company, | No. 13-16858 |
| | D.C. No. 2:11-cv-00369-JAT |
| Plaintiffs-counter-defendants - Appellees, | |
| | MEMORANDUM[*] |
| v. | |
| ANIL VAZIRANI, an individual; VAZIRANI & ASSOCIATES FINANCIAL, LLC, an Arizona limited liability company; SECURED FINANCIAL SOLUTIONS, LLC, an Arizona limited liability company, | |
| Defendants-counter-claimants - Appellants. | |

| | |
|---|---|
| AVIVA USA CORPORATION, an Iowa corporation; AVIVA BRANDS LIMITED, a United Kingdom limited company, | No. 13-16869 |
| | D .C. No. 2:11-cv-00369-JAT |
| Plaintiffs-counter-defendants - Appellants, | |
| v. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

JAMES REGAN, an individual; REGAN & ASSOCIATES LLC, an Arizona limited liability company,

                Defendants - Appellees,

ANIL VAZIRANI, an individual; VAZIRANI & ASSOCIATES FINANCIAL, LLC, an Arizona limited liability company; SECURED FINANCIAL SOLUTIONS, LLC, an Arizona limited liability company,

                Defendants-counter-claimants - Appellees.

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted October 23, 2015
San Francisco, California

Before: WALLACE, BLACK[**], and CLIFTON, Circuit Judges.

Appellants Anil Vazirani, Vazirani & Associates Financial, LLC, and Secured Financial Solutions, LLC (collectively "Appellants") appeal from the district court's judgment denying them attorney fees under the Lanham Act's "exceptional case" provision. 15 U.S.C. § 1117(a). Cross-Appellants Aviva USA

---

[**]    The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

Corporation and Aviva Brands Limited (collectively "Aviva") appeal several of the district court's orders, including (1) the district court's summary judgment in favor of Appellants on Aviva's trademark, unfair competition, anticybersquatting, and Arizona anti-racketeering claims, (2) the district court's judgment on the pleadings in favor of Appellants on Aviva's federal anti-racketeering claim, and (3) the district court's order granting Appellants attorney fees under Arizona's anti-racketeering statute.[1]

Aviva argues that the district court erred in granting Appellants summary judgment on Aviva's trademark claims under the Lanham Act. It argues that Appellants' use of Aviva's mark on a website critical of Aviva's business practices violates the Lanham Act. We review a district court's "summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party." *Bosley Medical Inst., Inc. v. Kremer*, 403 F.3d 672, 675–76 (9th Cir. 2005). To recover under trademark law, the allegedly unlawful use of a trademark must be "in connection with a commercial transaction in which the trademark is being used to confuse potential consumers." *Id.* at 676. Aviva has not shown that the district court erred in concluding that Appellants' use of Aviva's mark was "in connection

---

[1]Aviva also cross-appeals against Defendants James Regan and Regan & Associates, LLC, who join in the response brief filed by Appellants.

with a commercial transaction." *Id.* Appellants did not use Aviva's mark to offer "competing services to the public," such as by offering for sale any "goods or services." *Id.* at 679. Additionally, both the Lanham Act and Arizona common law require proof of likelihood of confusion to establish liability. *See* 15 U.S.C. § 1114(1), 1125(a)(1)(A) (requiring a showing that a defendant's use of a trademark is "likely to cause confusion" as to the origin of goods or services); *Taylor v. Quebedeaux*, 617 P.2d 23, 24 (Ariz. 1980) (recognizing that "the essence of unfair competition is confusion of the public"). The district court correctly held that nominative use of Aviva's trademark and trade dress is not likely to cause confusion when displayed with and imbedded in obvious negative commentary. *See Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1176 (9th Cir. 2010) (explaining that the ultimate purpose of the nominative fair use doctrine is to "address the risk that nominative use of the mark will inspire a mistaken belief on the part of consumers that the speaker is sponsored or endorsed by the trademark holder"). Accordingly, we affirm the district court's summary judgment in favor of Appellants on Aviva's Lanham Act and unfair competition claims.

While we affirm the district court's summary judgment as to Aviva's Lanham Act claim, we hold that the district court did not err in denying Appellants attorney fees under the Lanham Act's "exceptional case" provision. 15 U.S.C.

4

§ 1117(a). "Whether the circumstances are 'exceptional'—a prerequisite to an attorneys' fee award pursuant to the Lanham Act—is a question of law that is reviewed de novo." *Classic Media v. Mewborn*, 532 F.3d 978, 982 (9th Cir. 2008). We have held that a case is "exceptional," for purposes of section 1117(a), if it is "*either* groundless, unreasonable, vexatious, *or* pursued in bad faith." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002) (internal quotation marks omitted). The district court did not err in determining that Aviva's trademark claims were not "exceptional" under that standard.

Aviva next argues that Appellants violated the Anticybersquatting Consumer Protection Act (ACPA) in registering fourteen domain names that used Aviva's mark. We affirm the district court's summary judgment in favor of Appellants on Aviva's ACPA claim. The ACPA provides that a person is liable to a trademark owner if the person (1) "has a bad faith intent to profit from that mark," 15 U.S.C. § 1125(d)(1)(A)(i), and (2) "registers, traffics in, or uses a domain name [that is confusingly similar to another's mark or dilutes another's famous mark]." *Bosley*, 403 F.3d at 680, *quoting* 15 U.S.C. § 1125(d)(1)(A)(i) (alterations in original). Aviva charges that the district court erroneously imported the Lanham Act's commercial use requirement into the ACPA, contravening our case law. *Id.* (observing that "the ACPA does not contain a commercial use requirement"). Our

5

review of the record leads us to conclude that the district court did no such thing. Instead, it analyzed whether Appellants acted in "bad faith" using the nine non-exhaustive factors provided by the ACPA. 15 U.S.C. § 1125(d)(1)(B)(i). We agree with the district court, after applying those factors, that Aviva failed to show that Appellants acted with "bad faith intent to profit" in registering the domain names. We therefore affirm.

Aviva also argues that the district court erred in its summary judgment by failing to factor in adequately Appellants' earlier spoliation of evidence. The district court made a finding that Appellants destroyed or hid relevant information from Aviva. As a result, it sanctioned Appellants by awarding Aviva attorney fees and by inviting Aviva to "propose an appropriate adverse inference in response to any motion for summary judgment." This was proper because a party found guilty of this charge should not benefit from such completely improper conduct which interferes with a just and fair consideration of claims in our court of law. However, Aviva failed to propose any adverse inference instructions. We do not in any way condone Appellants' bad behavior and we urge litigants to avoid engaging in such unseemly behavior. But under our adversarial system, we do not have freewheeling authority to right every wrong. Unfortunately for Aviva, it waived its opportunity to obtain an adverse inference instruction by failing to propose instructions in

accordance with the district court's order. *Rothman v. Hospital Serv. of S. Cal.*, 510 F.2d 956, 960 (9th Cir. 1975) ("It is a well-established principle that in most instances an appellant may not present arguments in the Court of Appeals that it did not properly raise in the court below").

We review that district court's judgment on the pleadings as to Aviva's federal anti-racketeering claim de novo. *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998). Under the Racketeer Influenced and Corrupt Organizations Act (RICO), a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Brady v. Dairy Fresh Products Co.*, 974 F.2d 1149, 1152 (9th Cir. 1992). Aviva argues that Appellants engaged in a pattern of extortion when they sent emails to Aviva threatening a negative public relations claim, hired a public relations firm, registered domain names using Aviva's mark to publish negative information about the company, distributed negative information using mass email, and destroyed evidence during litigation. Without deciding whether any of the alleged acts constitute "racketeering activity," Aviva's claim fails because it has not shown that Appellants engaged in a "pattern" of racketeering activity. Instead, all Aviva has shown is that Appellants engaged in series of steps that were part of a single plan to expose what they believe to be unlawful business practices by Aviva. *See Sever v. Alaska Pulp Corp.*, 978 F.2d

7

1529, 1535–36 (9th Cir. 1992) (affirming dismissal of a RICO claim where "although [plaintiff] alleges a number of 'acts,' [defendant's] collective conduct is in a sense a single episode having [a] singular purpose"). We therefore affirm the district court's judgment.

Aviva's state-law anti-racketeering claim fails for a similar reason. Like the federal RICO statute, Arizona law requires that a plaintiff show that there has been a "pattern of racketeering activity." A.R.S. § 13-2314.04(A). Arizona courts have interpreted this state law to mirror the federal RICO statute. *Lifeflite Med. Air Transport, Inc. v. Native Am. Air Servs., Inc.*, 7 P.3d 158, 161 (Ariz. Ct. App. 2000) ("Because the Arizona and federal statutes are analogous . . . we look to federal interpretations [of the federal RICO statute] for guidance"). Aviva's claim under the Arizona statute fails because Aviva has not raised any genuine dispute of material fact about whether Appellants engaged in a "pattern" of racketeering activity. Therefore, we affirm the district court's summary judgment in favor of Appellants on Aviva's Arizona anti-racketeering claim.

Last, the district court did not abuse its discretion in awarding Appellants attorney fees under Arizona's anti-racketeering statute, which provides for a recovery of attorney fees "[i]f the person against whom a racketeering claim has been asserted, including a lien, prevails on that claim." A.R.S. § 13-2314.04(A).

But it goes on to prohibit an award "if the award would be unjust because of special circumstances, including the relevant disparate economic position of the parties or the disproportionate amount of the costs, including attorney fees, to the nature of the damage or other relief obtained." *Id.* § 13-2314.04(M). Aviva contends that Appellants' earlier spoliation of evidence constitutes "special circumstances" such that it would be "unjust" to award Appellants attorney fees. We understand Aviva's argument to be that the special circumstances here were the completely improper hiding or destroying of evidence by Appellants, which prejudiced Aviva's case and, therefore, Appellants should not profit by such unethical and improper conduct in a case before courts of law. But the district court had already sanctioned Appellants for that misconduct by awarding Aviva attorney fees and inviting it to propose an adverse inference in response to Appellants' motion for summary judgment. It was not unreasonable for the court to conclude that these previous sanctions were sufficient. Accordingly, we hold that the district court did not abuse its discretion in awarding Appellants attorney fees.

**AFFIRMED.**

9